UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID HOOKER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:22-cv-00409-TWP-MKK |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ORDER ON PETITIONER'S PENDING MOTIONS**

This matter is before the Court on several motions filed by *pro se* Petitioner David Hooker ("Mr. Hooker"). Pending is a Motion for Appointment of Counsel (Dkt. 5), First and Second Motions to Amend Petition (Dkts. 10 and 16), Motion for Extension of Time (Dkt. 11), Motions to Expand the Record (Dkts. 12 and 13), and Motion to Stay (Dkt. 18). Mr. Hooker filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction in Indiana case number 82C01-0606-FA-608. (Dkt. 1). The respondent timely filed a return to order to show cause to answer Mr. Hooker's petition and subsequently filed the state court record. Dkt. 8; dkt. 9. Mr. Hooker filed his reply in support of his petition. Dkt. 17. The Motions are addressed in turn and for the reasons explained below, they are **granted in part and denied in part**.

**I. Motion for Appointment of Counsel Dkt. [5]**

Mr. Hooker's motion to appoint counsel has been considered. A petitioner pursuing federal habeas relief is entitled to counsel only when he is under a death sentence, which Mr. Hooker is not. *See* 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Counsel must also be appointed in a habeas case when an evidentiary hearing is necessary to resolve the petition. Rule 8 (c) of the Rules Governing Section 2254 Cases.

The Court will conduct its review of the briefing on Mr. Hooker's habeas petition in due course, and absent that review, there is no indication that at this time a hearing, discovery, or additional expansion of the record will be needed. Therefore, whether to appoint counsel is purely a discretionary matter. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation maybe provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); s*ee also Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). A decision evidences an abuse of discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer on his side." *Winsett*, 130 F.3d at 281.

Mr. Hooker has the means (writing materials, etc.) to present his claims in this action, is literate, and seems to be aware of any circumstances which could support his claims challenging either the fact or the duration of his confinement. Indeed Mr. Hooker has demonstrated his ability to file his petition and reply, and various motions in this action, that are coherent and understandable. At this time, Mr. Hooker has not identified circumstances demonstrating it is in the interests of justice to appoint counsel.

Accordingly, Mr. Hooker's motion for the appointment of counsel, dkt. [5], is **denied without prejudice**. The Court will be alert to any changes in circumstances that may warrant the appointment of counsel in the future.

## II. First and Second Motions to Amend Petition [Dkts. 10 and 16]

After the respondent filed a return to answer Mr. Hooker's petition, Mr. Hooker filed two motions to amend his petition. Dkt. 10; dkt. 16. Mr. Hooker's first motion to amend seeks to add a

third ground to his petition, which "should cure what he believes is a defect in his original filing" and that he believes "doesn't require the state to file a response because they've addressed the issue in their answer challenging the merits of Hooker's claims." Dkt. 10 at 2. Mr. Hooker's second motion to amend seeks "to correct what he perceives as a fatal flaw to his 4th Amendment claim" and seeks to substitute ground one in his petition with a newly drafted ground one, set out in his motion. Dkt. 16. The respondent did not respond to Mr. Hooker's motions.

Rule 2(c) of the Rules Governing Habeas Corpus Cases instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (quoting Rule 2(c)). "By statute, Congress provided that a habeas petition 'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" *Id.* (quoting 28 U.S.C. § 2242). Rule 15 of the Federal Rules of Civil Procedure is applicable to habeas petitions. *Id.* The petitioner must also comply with this Court's Local Rules. S.D. Ind. L.R. 1-1(b) (these rules "govern all civil cases[.]" Mr. Hooker's motions to amend are problematic because they are incomplete, as they must be accompanied by a "signed proposed amended pleading," and "[a]mendments to a pleading must reproduce the entire pleading as amended." *See* S.D. Ind. L.R. 15-1(a) and (b).

Because Mr. Hooker's motions are not accompanied by a proposed amended petition that reproduces the entire petition as amended, his motions, dkts. [10] and [16], are **denied as presented**.

If Mr. Hooker wishes to amend his petition, he should file a motion for leave to amend with an attached amended petition **on or before March 31, 2023**.

### III. Motion for Extension of Time [Dkt. 11]

Mr. Hooker's motion for extension of time, dkt. [11], is **granted to the extent** that the Court construes his reply as timely filed. The Court will consider Mr. Hooker's reply in support of his petition in its ruling on the merits of his petition.

### IV. Motions to Expand the Record [Dkts. 12 and 13]

After the respondent answered Mr. Hooker's petition and filed the state court record, Mr. Hooker filed nearly identical motions to expand the record,[1] and included the same exhibits with each motion. Dkt. 12 and 13. Specifically Mr. Hooker seeks to expand the record to include "letters to and from trial counsel and public defender's office, trial counselor's notes, affidavit of witness[.]" Dkt. 13 at 1. Mr. Hooker states that these exhibits were not included at trial or at his post-conviction hearing "but are relevant to rebutting states newly raised 28 USC 2254(a), (d) procedural bar and challenge to the merits." *Id.* He states he should be allowed to "use this factual evidence and information to shed light on trial counsel's incompetence and failure to conduct a complete investigation[.]" *Id.* He assumes the public defender "did not utilize them for fear the state would use them and claim counsel's strategic choice which is covered by the law." *Id.* at 2.

In response in opposition, the respondent argues that Mr. Hooker's motion should be denied because the record is limited to only what was before the state court and because the evidence Mr. Hooker seeks to now include was available to him during his post-conviction proceedings. Dkt. 15 at 2.

Generally, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

---

[1] Mr. Hooker states that he "forgot to date day of mailing to state in certificate of service and forgot to swear by the documents in his possession," and therefore, made such corrections in his second motion to expand the record. Dkt. 13 at 2.

4

The Court finds that Mr. Hooker has not shown any compelling reason why the Court should expand the record now, and especially, with evidence that is not newly discovered but was available to him during his state post-conviction proceedings. 28 U.S.C. § 2254(e)(2) (limiting expansion of the record where "the applicant has failed to develop the factual basis of a claim in State court proceedings"); *see Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022) (alleged ineffective assistance of post-conviction counsel does not allow a petitioner to avoid statutory restrictions on expanding the record for habeas review). Mr. Hooker's habeas petition is fully briefed. Thus, if after review of the materials set forth in Rule 8(a) of the Rules Governing Section 2254 Cases, the Court concludes that it should review one or more of the petitioner's claims *de novo*, the Court will revisit the question of whether the petitioner should be permitted to expand the record. For now, Mr. Hooker's motions, dkts. [12] and [13], are **denied.**

### V.   Motion to Stay [Dkt. 18]

Finally, Mr. Hooker filed a motion to stay the proceedings in November 2022, because as of October 2022, he had been transferred to the restrictive housing unit and his property was confiscated. Dkt. 18. Though the Court acknowledges certain challenges inmates may face as a result of their housing placement, these challenges do not warrant an indefinite stay of the proceedings.

To the extent that Mr. Hooker argues that due to his placement in restrictive housing, he cannot file an amended petition, there is no indication that to date, he continues to be under those same circumstances or that his property has not been returned to him.

Accordingly, at this time, the Court finds an indefinite stay of the proceedings is unwarranted, and thus, Mr. Hooker's motion, dkt. [18], is **denied**. Nothing in this order prevents

Mr. Hooker from filing a motion for an extension of time for the Court's consideration, which identifies the purpose of the extension and specifies the amount of additional time requested.

### VI. Conclusion

In summary, as outlined above, the Court makes the following rulings:

Mr. Hooker's motion for the appointment of counsel, dkt. [5] is **denied without prejudice**.

His motions to amend his petition, dkts. [10] and [16], are **denied as presented**. If Mr. Hooker wishes to amend his petition, he should file a motion for leave to amend with an attached amended petition **on or before March 31, 2023**.

His motion for extension of time, dkt. [11], is **granted such that** the Court construes his reply (docket 17) as timely filed, and the Court will consider Mr. Hooker's reply in its ruling on the merits of his petition.

Mr. Hooker's motions to expand the record, dkts. [12] and [13], are **denied**.

His motion to stay proceedings, dkt. [18], is **denied**.

The Court considers Mr. Hooker's habeas petition fully briefed and will issue its ruling on the merits of his petition in due course, via separate order.

**IT IS SO ORDERED.**

Date: 3/9/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID HOOKER
892753
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov